Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1685 | **DATE** | 6/26/2002 |
| **CASE TITLE** | DeJesus et al vs. Jeschke et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Certain defendants' motion (Doc 6-1) to dismiss is granted. Defendants Jeschke, Conroy, Martin and Kowalski are dismissed with prejudice. Plaintiffs are given to July 3, 2002 to file their motion to substitute the City of Chicago for City of Chicago Police Department as a named defendant. Answer to said motion due July 17, 2002. No reply. The Court will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 27 2002 | |
| | Notified counsel by telephone. | date docketed | 14 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIVIAN DEJESUS and ELVIA DEJESUS, )<br>)<br>Plaintiffs, )<br>)<br>)<br>vs. )<br>)<br>OFFICER R. JESCHKE (#5103), )<br>OFFICER PATRICK CONROY (#9514) )<br>OFFICER D. KOKWALSKI (#18713) )<br>OFFICER T. MARTIN (#14313) )<br>individually and as Chicago police )<br>officers and agents of the CITY OF )<br>CHICAGO POLICE DEPARTMENT, )<br>and BUDGET RENT-A-CAR CORPORATION, )<br>a Delaware corporation, )<br>)<br>Defendants. ) | 02 C 1685 |

**MEMORANDUM OPINION**


DOCKETED
JUN 27 2002

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the motion of Defendants Jeschke, Conroy, and Martin ("the officers") to dismiss them from the complaint of Plaintiffs Vivian DeJesus and Elvia DeJesus ("the DeJesuses") pursuant to Rule 12(b)(5) and Illinois Supreme Court Rule 103(b). For the reasons set forth below, the motion is granted.

## BACKGROUND

On July 31, 1999, Plaintiff Elvia DeJesus executed a rental agreement for a motor vehicle from Budget Rent-A-Car Corporation ("Budget"). On or about August 13, 1999, Budget reported the rental vehicle as stolen to the Chicago Police Department. On September 4, 1999, the officers discovered the DeJesuses within the rental vehicle, placed them under arrest, and subsequently detained them. They allege that they were verbally abused, prevented from contacting their family members, and otherwise abused and mistreated by the officers.

On September 5, 2000, the DeJesuses filed a complaint against the officers, the City of Chicago, Budget, and a fourth officer in the Circuit Court of Cook County, alleging false arrest, malicious prosecution, and civil rights violation through 42 U.S.C. § 1983. The DeJesuses first attempt to obtain service on the officers occurred on November 21, 2000, at the officers' place of employment at 5555 W. Grand Avenue, Chicago. The DeJesuses failed to effect service and were informed that the officers are employed at the 17th District rather than at the Grand Avenue address. The Circuit Court entered a progress call order on January 8, 2001, setting April 6 as the final date for service of summons upon any as yet unserved defendants. The DeJesuses again unsuccessfully attempted service on March 19, 2001 at the 17th District station at 4461 N. Pulaski, Chicago, Illinois, and were informed that service on the officers must occur

through central headquarters. On April 6, the DeJesuses' attorney filed an Affidavit of Diligence in Service of Process, explaining The DeJesuses' attempts to locate and serve the officers.

The third attempt at service occurred through Chicago Police Department Headquarters on July 6, 2001, approximately nine months after the filing of the complaint. The DeJesuses did not effect service and remarks on summons state that the individual officers were not at that location. On July 20, the DeJesuses' attorney filed another Affidavit of Diligence in Service of Process, alleging that the officers had learned of this matter due to the attempts at service.

On September 21, the DeJesuses made yet another unsuccessful attempt at service, this time at City Hall, and the Circuit Court dismissed the case for want of prosecution on October 19. The DeJesuses moved to reinstate the case on November 9, 2001, and filed a third Affidavit of Diligence in Service of Process on November 27. This affidavit alleges that all attempts at service failed but that Corporation Counsel for the City had stated on November 26 that "service will be waived."

The Circuit Court's final progress order set January 25, 2002, as the final date to effect service upon as yet any unserved defendants. Finally, a Certificate of Service was filed on April 19, 2002, and the instant case was removed to this court. The

officers now move for dismissal of the case on the basis that the DeJesuses failed to exercise reasonable diligence to obtain service.

## LEGAL STANDARD

Normally, a federal court applies federal rules of procedure, even in considering a state-law cause of action. Hanna v. Plumer, 85 S.Ct. 1136, 1141 (1965). In this case, Fed. R. Civ. Proc. 4(m) would govern timeliness of service, which provides a defendant must be served within 120 days from the filing of the complaint. However, in cases removed from state court, state rules regarding service apply even in the federal proceeding. McKenna v. Beezy, 130 F.R.D. 655, 656 (N.D. Ill. 1989); see also Schmitz v. Campbell-Mithun, Inc., 124 F.R.D. 189, 192-93 (N.D. Ill. 1989). Unlike the federal rule, the Illinois rule governing time for service does not set out a specific period within which a plaintiff must effect service. Ill. Sup. Ct. R. 103(b). The rule provides that defendants must "use reasonable diligence" in serving defendants after the complaint is filed. Id. Illinois courts construing this rule have interpreted it to mean that a plaintiff must exercise due diligence in his or her service efforts. Kole v. Brubaker, 759 N.E.2d 129, 133-34 (Ill. App. Ct. 2001). The standard applied is an objective one, and each case turns on its individual facts and circumstances. Id.

If the court determines that a plaintiff has not acted diligently, the court may dismiss the action on motion or *sua sponte*. Ill. Sup. Ct. R. 103(b); Marks v. Reuben

H. Donnelly, Inc., 636 N.E.2d 825, 829 (Ill. App. Ct. 1994). Moreover, if the statute of limitations for the underlying action has expired, the court may also in its discretion dismiss with prejudice. Allen v. Thorek Hospital, 656 N.E.2d 227, 234 (Ill. App. Ct. 1995). With these standards in mind, we now turn to the officers' motion.

## DISCUSSION

Although the applicable state standard means that each case will necessarily be unique, Illinois courts use several factors to guide their analysis of whether a plaintiff acted diligently. They include length of delay in service, plaintiff's activities, plaintiff's knowledge of defendant's location, ease with which defendant's whereabouts could be ascertained, defendant's actual knowledge of the pending action, and special circumstances which could affect plaintiff's efforts. Segal v. Sacco, 555 N.E.2d 719, 720 (Ill. 1990). As the plaintiffs, the DeJesuses bear the burden of proving that they have exercised reasonable diligence in obtaining service. Piscitello v. Barton, 384 N.E.2d 47, 49 (Ill. App. Ct. 1978).

According to the DeJesuses, the proper balance of these factors weigh in their favor. In support of their contention, they point to the factors of knowledge, ease of determining the officers' whereabouts, and special circumstances. First, they insist that the officers must have been aware of the lawsuit as early as July 2001, making service more of a formality than a true requirement in this case. A defendant's actual

knowledge of a pending suit is a factor a court will consider in deciding whether a plaintiff has been diligent in obtaining service. Farthing v. Natural Gas Pipeline Co., 393 N.E.2d 683, 686 (Ill. App. Ct. 1979). However, the DeJesuses have offered up nothing but their own belief that the officers must have caught wind of the attempts at service through their fellow officers, making a conclusion of actual knowledge a stretch at best. Moreover, even assuming that the officers had learned of the suit, that knowledge does not necessarily translate into a conclusion that the DeJesuses acted diligently, precluding dismissal under Rule 103(b). Kole, 759 N.E.2d at 136.

Second, the DeJesuses claim that the delay in effecting service in this case does not evidence a lack of diligence because they did not know where the officers could be located and that their efforts to ascertain the proper location were thwarted by misinformation they received from Police Department representatives. There does seem to have been inconsistencies in the directions the DeJesuses were given. However, despite these conflicting statements, the DeJesuses changed neither their methods of trying to ascertain the proper location and procedure for serving the officers, nor did the statements prompt them to follow up in a more persistent fashion. In light of their reaction, we cannot conclude that the inaccuracy of the police representations impacted on the DeJesuses' diligence or lack thereof.

Finally, the DeJesuses argue that this case involved special circumstances because the officers work extensively outside of police stations, thereby thwarting efforts by the DeJesuses to effect service. However, this argument is without merit; the officers were to be served through Police Headquarters, which is located at a fixed position and continually staffed. Whatever difficulties that may be presented by the specific situation of individual officers, those difficulties presented no obstacle to service in this case.

The officers focus on the remaining factors, which overwhelmingly indicate that the DeJesuses did not act with diligence. First, the length of delay in this case is substantial. The events giving rise to this suit took place in September 1999. The complaint was filed a year later, and three more months elapsed before the first attempt at service. Four additional months went by before the second attempt. Each of the next two failed attempts took three months each to organize, and four more months passed between the fourth attempt and the finally successful fifth attempt in February 2002.[1]

---

[1] The DeJesuses contest the use of the February dates, arguing instead that the operable date fell at the end of November 2001 when they allege they were told that "service of process will be waived." When a waiver of service is filed by the plaintiff with the court, the action shall proceed as if a summons and complaint had been served at the time of filing of the waiver, and no proof of service shall be required. § 735 ILCS 5/2-213. Whether or not waivers are promised, they must be filed with the circuit court before they relieve a plaintiff of service obligations. Given that the Circuit Court entered an order setting January 25, 2002 as the final deadline for service in this case, we can infer that the DeJesuses never filed a waiver with the court before that date.

In total, the DeJesuses took 17 months to effect service and did so only after the Circuit Court's final deadline for service had come and gone. Kole, 759 N.E.2d at 134 (eight months between filing of complaint and service of process); Billerbeck v. Caterpillar Tractor Co., 685 N.E.2d 1018, 1021 (Ill. App. Ct. 1997) (thirteen months); Paglis v. Black, 534 N.E.2d 206, 208 (Ill. App. Ct. 1989) (five and a half months); Penrod v. Sears, Roebuck & Co., 501 N.E.2d 367, 369 (Ill. App. Ct. 1986) (eight months). The length of delay weighs against a conclusion of diligence.

Focusing on the actions taken to effect service, the sum total of the DeJesuses' efforts in this case consist of five sporadic attempts at service spread over 17 months and searches of telephone books and Internet databases. None of the failed attempts or their accumulation spurred faster, more comprehensive, or more frequent attempts at service, even after the case was first dismissed by the Circuit Court. As another court aptly stated, plaintiffs who lollygag in alerting a defendant of a pending suit have no one but themselves to blame for the consequences. Serlin v. Arthur Andersen & Co., 145 F.R.D. 494, 498 (N.D. Ill. 1993); see also Piscitello, 384 N.E.2d 47, 50 (Ill. App. Ct. 1978). Halfhearted attempts whose impetus stems more from a court's prodding than an interest in actively pursuing vindication of one's rights leave an impression of

---

The DeJesuses have offered nothing to indicate a contrary inference, and we are therefore left with the February dates on which service was actually completed with respect to the three officers who have been served.

anything but diligence. The proper course of action for a plaintiff encountering unexpected obstacles in obtaining service is to redouble efforts and take prompt steps to ascertain a sufficient means of carrying out the obligation to serve a defendant. See, e.g., Segal, 555 N.E.2d at 721 (finding plaintiff acted diligently in effecting service in less than a week after realizing 19-week delay since filing of complaint). The combination of these two factors inescapably indicates that the DeJesuses did not act diligently in serving the officers, and dismissal of those parties is therefore appropriate. Furthermore, because the 17-month delay extended five months beyond the expiration of the statute of limitations, we agree with the officers that dismissal with prejudice is warranted. Ill. Sup. Ct. R. 103(b); Rice v. Ford Motor Co., 736 N.E.2d 1145, 1147-49 (Ill. App. Ct. 2000).

## CONCLUSION

Based on the foregoing analysis, Defendants Jeschke, Conroy, Martin, and Kowalski are dismissed with prejudice.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated: \_\_\_\_\_June 26, 2002\_\_\_\_\_