

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1685 | **DATE** | 8/8/2002 |
| **CASE TITLE** | DeJesus et al vs. Jeshke et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiffs' motion (Doc 16-1) to amend the complaint is denied. All other pending motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 9 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | 02 AUG -8 PM 2:53 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VIVIAN DeJESUS and ELVIA DeJESUS, )
)
            Plaintiffs, )
)
vs. ) 02 C 1685
)
R. JESHKE, Star #5103; PATRICK CONROY, )
Star #9514; D. KOWALSKI, Star #18713; and T. )
MARTIN, Star #14313, individually and as )
Chicago police officers and agents and officers of )
the City of Chicago Police Department, )
)
            Defendants. )


DOCKETED
AUG 9 2002

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiffs Elvia and Vivian DeJesus to amend their complaint pursuant to Fed. R. Civ. Proc. 15. For the reasons set forth below, the motion is denied.

## BACKGROUND

On July 31, 1999, Plaintiff Elvia DeJesus executed a rental agreement for a motor vehicle from Budget Rent-A-Car Corporation ("Budget"). On or about August 13, 1999, Budget reported the rental vehicle as stolen to the Chicago Police Department. On September 4, 1999, the officers discovered the DeJesuses within the rental vehicle, placed them under arrest, and subsequently detained them. The DeJesuses allege that they were verbally abused, prevented from contacting their family members, and otherwise abused and mistreated by the officers.

After several unsuccessful attempts at service detailed in our previous opinion, the Circuit Court dismissed the case for want of prosecution on October 19, 2001. Shortly thereafter, the DeJesuses reinstated the case, which was removed to this court some months later. Defendants Jeschke, Conroy, and Martin ("the officers") were dismissed from the DeJesuses' complaint by this court pursuant to Ill. Sup. Ct. R. 103(b) on June 26, 2002. The DeJesuses seek to amend their complaint to name the City of Chicago as a defendant.

## DISCUSSION

Fed. R. Civ. Proc. 15 governs amendments of complaints. When an amendment involves a party rather than a claim or defense and occurs beyond the time given by the applicable statute of limitations, it will be considered to relate back to the date of the original pleading only in one of two circumstances. First, amendment is permissible if the law providing the statute of limitations permits relation back as to the party. Fed. R. Civ. Proc. 15(c)(1). Second, a party can be added or substituted for an existing party if the plaintiff made an error concerning the identity of the correct party and the party to be added knew or should have known of the mistake. Fed. R. Civ. Proc. 15(c)(3); Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998).

In Illinois, relation back is governed by 735 ILCS 5/2-616(d). Similar to Rule 15(c)(3), the statute provides that a statute of limitations will not bar an action if the original action is filed within the proper time frame and the party to be added received notice of the action within the time allowed for service, such that the person knew or should have known that suit would be brought against that party but for a mistake in identification of the proper party. 735 ILCS 5/2-616(d). In addition, the delay in identification must not prejudice the proper party in maintaining a defense on the merits. Id.

The DeJesuses attempt to substitute the City for the Chicago Police Department ("the Department"). The City maintains that the Department was never served or named. Because a nonparty clearly cannot be the basis for a substitution, the City argues that the proposed amendment is improper. For their part, the DeJesuses insist that the Department was a defendant, offering three pieces of evidence to support their contention. First, they point to the appearance of the words "City of Chicago Police Department" in capital letters in the caption of the case. This argument ignores the fact that the phrase is used not to identify the Department but to describe the dismissed officers, who are named "individually and as Chicago Police Officers and agents of the CITY OF CHICAGO POLICE DEPARTMENT." The complaint contains no separate reference to the Department as a defendant. Contrary to the DeJesuses' protestations, the formatting of the words within a caption will not override the plain meaning of the words themselves. Second, they claim that a stray reference on the second page of the complaint shows that the Department was a party to the case. This isolated reference is just that. Such a slender reed cannot suffice to render the Department a formally named party. Lastly, the DeJesuses offer up a return of service document, which they claim demonstrates that the Department was in fact served in July 2001. Although the return of service on its face seems to support a conclusion favorable to the DeJesuses' position, their attorney represented to this court in an affidavit submitted in support of their opposition to the previous motion to dismiss that the service attempt at City Hall was directed toward the individual officers, not the department itself. After making that representation, the DeJesuses cannot now change their tune and claim that service was intended for the Department. We therefore agree with the City that the Department was not a party, and the DeJesuses cannot substitute one for the other.

The sole remaining recourse for the DeJesuses is to show that the claim against the City relates back to the claims against the individual officers. For an amendment to relate back under the federal or Illinois law applicable to this case, the City must be chargeable with knowledge of the action before the statutory period elapsed and its possible exposure to liability. Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980). This requirement can be satisfied if the City's involvement in the proceedings by defending the individual officers would have foreshadowed that its later inclusion, even though it was never formally made a part of the action. Hampton v. Hanrahan, 522 F. Supp. 140, 145 (C.D. Ill. 1981). To determine whether the City should have realized its exposure, we must look to the allegations of the original complaint. Hill v. Shelander, 924 F.2d 1370, 1379 (7th Cir. 1991); Norton v. Int'l Harvester Co., 627 F.2d 18, 21 (7th Cir. 1980).

The allegations of the original counts are directed solely to the behavior of the individual officers. The contents of the pleadings could thus lead only to liability if the City under a theory of respondeat superior, and it is well-settled that a municipality cannot be held liable under § 1983 solely for the actions of its agents. See, e.g., Monell v. New York City Dept. of Social Servs., 98 S. Ct. 2018, 2036 (1978); Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, even though counsel for the City has been involved in this case for some time, nothing in the complaint would have alerted them to the possibility that the City would become a party. Therefore, under either Fed. R. Civ. Proc. 15(c)(3) or 735 ILCS 5/2-616(d), the City cannot be charged with the knowledge that would allow the proposed amendment to relate back to the date of the original complaint, and the DeJesuses claims against the City are barred by the two-year statute of limitations for § 1983 actions brought in Illinois. 735 ILCS 5/13-202; Shropshear v. Corp. Counsel of City of Chicago, 275 F.3d 593, 594 (7th Cir. 2001).

## CONCLUSION

Based on the foregoing analysis, the motion to amend the complaint is denied.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge, United States District Court
United States District Judge

Dated: AUG - 8 2002